IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STACI OWENS,<br>    Plaintiff,<br><br>vs.<br><br>EXXON MOBIL CORPORATION<br>    Defendant. | §<br>§<br>§   Civil Action No. 4:20-cv-04256<br>§<br>§   JURY TRIAL DEMANDED<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Staci Owens ("Plaintiff" or "Owens") now files this Complaint against Defendant Exxon Mobil Corporation ("Defendant" or "Exxon"). In support, Plaintiff states as follows:

### PARTIES

1.   Plaintiff Staci Owens is a citizen of the United States and a resident of Spring, Texas.

2.   Defendant Exxon Mobil Corporation is a corporation authorized to transact business in the state of Texas. It may be served with process through its registered agent for service of process, Corporation Service Company d/b/a CSC- Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

### JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

4.   The Court has subject matter jurisdiction over Plaintiff's claims under the Texas Commission on Human Rights Act pursuant to 28 U.S.C. § 1367.

5.   This Court has personal jurisdiction over Defendants because they have

continuously and systematically performed a substantial amount of business within the state of Texas and, moreover, are being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas.  Accordingly, this Court has both general and specific jurisdiction over the Defendants.

6. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because all or part of the unlawful employment practices committed by the Defendants occurred in this district.

## FACTS

7. Plaintiff worked as an Occupational Health Advisor in Exxon's Medical and Occupational Health Department in Spring, Texas.

8. Plaintiff is a registered nurse.

9. Plaintiff began working for Defendant full-time on or about March 26, 2018.  Prior to March 26, 2018, Plaintiff worked for Defendant as a contractor starting on or about June 27, 2016.

10. During Plaintiff's employment at Exxon, she was never disciplined or written-up, and she had the requisite experience needed to perform her job duties.

11. Plaintiff's supervisor at Exxon was Marina Mathew.

12. Prior to Plaintiff's employment, on January 13, 2015, Plaintiff suffered from a tragedy when her 21-year-old son passed away unexpectedly.

13. On or around April 15, 2019, Plaintiff could not report to work due to illness which at the time her doctor believed it to be the flu.  Plaintiff was also treated for bronchitis and other serious medical conditions.

14. After multiple doctor visits and medical care, plaintiff was diagnosed with severe

post-traumatic stress disorder ("PTSD") and clinical depression related to the death of her son.

15. Plaintiff's PTSD and clinical depression are mental impairments that substantially limit one or more of her major life activities, including, but not limited to, sleeping, concentrating, thinking.

16. Despite her disabilities, Plaintiff was still able to perform her job, with or without accommodations.

17. Plaintiff put Exxon on notice of her disabilities and took time off from work throughout her employment. Plaintiff also requested reasonable accommodations and communicated with a liaison, Dr. Saeed, about her disabilities and request for accommodations.

18. Throughout the time that Plaintiff was out of the office in April 2019, she continued to communicate with Saeed by phone, text, and email. Saeed requested periodic disability reports from Plaintiff's treating physician, which Plaintiff provided through her doctor.

19. On or around June 5, 2019, based on communications between Saeed, Plaintiff, and Dr. Garlock (one of Plaintiff's physicians), Plaintiff was told that Exxon determined that her disability could be accommodated when she was scheduled to return to work on June 10, 2019, by allowing her to work half-days starting in the afternoon in order for Plaintiff to attend group therapy in the mornings. In fact, Saeed told Plaintiff that Dr. Mathew approved the request.

20. On June 7, 2019, Saeed called, texted, and left a message for Plaintiff telling her not to report back to work on June 10, 2019 as previously planned because Exxon (*i.e.* Mathew) decided not to accommodate Plaintiff as it initially promised to do.

21. On or around July 22, 2019, Mathew's assistant contacted Plaintiff and told her that she needed to call into the office the next day on July 23.

22. On or around July 23, 2019, Plaintiff called the office as she was directed, and she

had a phone conference with Mathews and Human Resources representative, Jewel May. In this call, Mathews fired Plaintiff and said that she had exhausted her Family Medical Leave Act ("FMLA") leave and short-term disability leave, and Mathews rudely told Plaintiff, "you've had enough time."

23. Contrary to Mathews stating that Plaintiff had exhausted her FMLA leave, Plaintiff had no idea that she on FMLA leave, and she was never informed about her rights about taking FMLA leave.

24. Plaintiff never received any FMLA notice of eligibility form from Exxon.

25. Plaintiff's effective termination from Exxon was July 19, 2019.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. On or about September 3, 2019, Plaintiff timely filed a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division.

27. The EEOC issued Plaintiff a right to sue letter on or about September 17, 2020.

28. This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

29. The Texas Workforce Commission has never issued Plaintiff a right to sue letter, but her charge has been on file for more than 180 days as of the date of this lawsuit's filing.

30. Based on the foregoing, Plaintiff has exhausted all administrative remedies required by the Americans with Disabilities Act of 1990, as amended ("ADA"), and/or the Texas Commission on Human Rights Act ("TCHRA").

### FIRST CAUSE OF ACTION (ADA DISCRIMINATION)

31. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

32. Plaintiff is qualified individual with a disability.

33. Plaintiff put Defendant on notice that she was disabled.

34. Plaintiff made a request for reasonable accommodation when she requested to work half-days in the afternoon in order to attend group therapy for her disabilities in the morning.

35. Defendant failed to engage in the interactive process and thereby failed to make reasonable accommodations for Plaintiff.

36. Defendant took an adverse employment action against Plaintiff for her disabilities.

37. Such conduct violates the ADA and the TCHRA.

38. Plaintiff has been damaged by the discrimination against her.

39. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

### SECOND CAUSE OF ACTION (FMLA INTERFERENCE)

40. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

41. Defendant is an "employer" under the FMLA.

42. Plaintiff was eligible to take FMLA leave.

43. Plaintiff provided Defendant with notice of her intention to take leave from work.

44. Defendant denied Plaintiff's FMLA benefits and restrained her rights by failing to provide her notice of eligibility and deducting leave during the time that she was supposed to be on short-term disability leave.

45. Pleading in the alternative, Defendant further interfered with Plaintiff's FMLA rights by misleading her and causing her to miss a critical FMLA deadline.

46. Defendant's interference prejudiced Plaintiff.

47. Defendant's conduct violates the FMLA.

### ATTORNEYS' FEES

48. If Plaintiff prevails, she is entitled to an award of reasonable and necessary attorneys' fees.

### JURY DEMAND

49. Plaintiff hereby demands a trial by jury on all claims that may be tried to a jury.

### PRAYER FOR RELIEF

Plaintiff hereby prays that Defendants be cited to appear and that, upon trial, the Court enter a judgment in her favor for the following:

a) Back pay;
b) Compensatory damages;
c) Punitive damages;
d) Reinstatement and/or front pay;
e) Taxable court costs;
f) Liquidated damages;
g) Exemplary damages;
h) Attorney's fees; and
i) Such other and further relief to which she may show herself entitled.

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: */s/Connor Throckmorton*
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
5850 San Felipe Street, Suite 500
Houston, Texas 77057
Telephone:   (713) 400-6173
Facsimile:   (713) 583-8380
Email:       connor@throckmortonlaw.com

***ATTORNEY FOR PLAINTIFF***