United States District Court
Southern District of Texas
**ENTERED**
July 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACI OWENS, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-4256 |
| | § | |
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before the Court is Defendant Exxon Mobil Corporation's ("Defendant" or "ExxonMobil") Amended Motion for Summary Judgment (Doc. No. 35). Plaintiff Staci Owens ("Plaintiff" or "Owens") responded in opposition (Doc. No. 43) and Defendant replied (Doc. No. 44). Having considered the briefings and applicable law, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment.

### I. Factual & Procedural Background

This case arises from alleged disability discrimination, failure to accommodate, and interference with Family and Medical Leave Act ("FMLA") benefits that Plaintiff experienced while employed by ExxonMobil. Specifically, Plaintiff alleges that she was discriminated and improperly discharged because of her alleged disabilities—PTSD and depression. Although Plaintiff originally was represented by counsel in this case, she is now proceeding *pro se*.

ExxonMobil hired Plaintiff as a full time Occupational Health ("OH") Advisor at its Houston Campus on March 26, 2018. (Doc. No. 35 at 7). As an OH Advisor, Plaintiff worked in ExxonMobil's Medical and Occupational Health ("MOH") department, which provides occupational health screening and coordination of employee medical care related to ongoing work

assignments, workplace injuries, fitness for duty evaluations, and other services. (*Id.*). Plaintiff reported to Occupational health Manager Dr. Marina Mathew. (*Id.* at 8).

As part of the hiring process, Plaintiff completed a pre-placement medical questionnaire. In that questionnaire, she did not ask ExxonMobil for accommodations. In fact, she checked "no" for the box asking whether she was currently being treated by a physician for an illness, injury, or ongoing medical condition; "no" for the box asking whether she was taking any medication or drugs on a daily basis; and "yes" for the box asking whether she could perform the job functions with or without accommodations. (Doc. No. 35-4 at 1-10; Doc. No. 35-2 at 63:15-64:22). Plaintiff never mentioned having PTSD or depression in her hiring paperwork.

As a new hire, Plaintiff was eligible for six weeks of paid short-term disability leave, that employees are permitted to use for any medical-related condition that may impact their ability to work. (Doc. No. 35 at 9). Once an employee becomes eligible, FMLA leave—which is unpaid—runs concurrently with any paid leave. (*Id.* at 10).

After little more than a month on the job, Plaintiff was absent from April 30, 2018 to May 4, 2018, and again from June 25, 2018 to June 26, 2018 for "medical reasons." (*Id.*). Two months later, she missed work again on August 7, 2018 for medical reasons. (*Id.*). From August 14, 2018 to September 11, 2018, Plaintiff continued to be absent, and her medical providers repeatedly extended Plaintiff's date of return for various medical related reasons. (*Id.* at 10-11). Thus, in the first six months of her being hired, she missed over a month of time on the job. None of the medical reasons provided for her absences from her medical providers mentioned PTSD or depression. Further, Plaintiff had fully exhausted her six weeks of paid short-term disability leave. (*Id.* at 11).

Plaintiff continued being absent from work for varying periods of time in early 2019. (*Id.* at 12). On March 11, 2019, Human Resources Advisor Jewel May emailed Plaintiff and informed

2

her of her remaining paid and unpaid disability time off, and reminded her that she would not qualify for 12 weeks of FMLA leave until she had worked for a 12 month period. (*Id.* at 13). Plaintiff eventually became eligible for FMLA leave on March 26, 2019. (*Id.*).

In April 2019, ExxonMobil added a contract worker to the MOH department's clinic staff to offset the disruptions caused by Plaintiff's repeated absences. (*Id.* at 14). During this time, Plaintiff continued to be absent regularly. (*Id.*). To accommodate Plaintiff's frequent absences, Dr. Mathew created specific work for Plaintiff and ExxonMobil advised Plaintiff that she could take a leave of absence until July 15, 2019, her anticipated return to work date, even though she would have exhausted all of her available leave by July 5, 2019. (*Id.* at 15).

On July 14, 2019, ExxonMobil discharged Plaintiff because she maintained that she was unable to return to work and had not confirmed a return to work date. (*Id.* at 16). ExxonMobil maintains that Plaintiff's "repeated and unpredictable absences from work, after having exhausted all available leave and with no firmly established return to work date, presented an undue hardship to the efficient operation of the medical clinic, for which no reasonable accommodation could be identified" was the basis for terminating Plaintiff. (*Id.* at 17).

On September 3, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), where she complained, for the first time, that ExxonMobil: (1) discriminated against her based on her alleged disabilities, (2) failed to accommodate her alleged disabilities, and (3) interfered with her FMLA rights. (Doc. No. 35-7). On September 16, 2020, the EEOC informed Plaintiff that its investigation had found no violation had been committed. Specifically, the EEOC informed Plaintiff that its investigation found that Plaintiff had been "terminated due to excessive absences and exhausting her short term disability

and FMLA with no indication that she would return to work" because "each time she went to the doctor her needed time to recover was extended." (Doc. No. 35-8).

After receiving her Right to Sue Notice, Plaintiff filed this lawsuit. (Doc. No. 1). In Plaintiff's Complaint, she brings three claims against ExxonMobil: (1) disability discrimination under the American with Disabilities Act ("ADA") and Chapter 21 of the Texas Labor Code for her alleged disabilities of PTSD and depression; (2) failure to accommodate under the ADA and Texas Labor Code; and (3) interference with her rights under the FMLA.

In its Motion for Summary Judgment, ExxonMobil argues that Plaintiff lacks summary judgment evidence to establish a genuine dispute of material fact on any of her claims. (*See* Doc. No. 35). Specifically, ExxonMobil maintains that (1) Plaintiff cannot establish a prima facie case for her disability discrimination claim; (2) Plaintiff has no evidence that ExxonMobil failed to accommodate her; and (3) Plaintiff was properly given notice of her FMLA leave rights. (*Id.*). Plaintiff responded in opposition (Doc. No. 43) and ExxonMobil replied (Doc. No. 44).

## II. Legal Standards

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact

4

is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

#### A. Plaintiff's Disability Discrimination Claim

ExxonMobil maintains it is entitled to judgment as a matter of law because Plaintiff cannot (1) establish a prima facie case of disability discrimination because Plaintiff was not qualified for her OH Advisor position and that her discharge was not due to her disability; and (2) there is no evidence of pretext for her termination of employment. (Doc. No. 35 at 19, 22).

To establish a prima facie claim of disability discrimination, Plaintiff must prove that she (1) suffered from a disability; (2) was qualified for the position for which she sought employment or continued employment; and (3) was "subject to an adverse employment decision on account of [her] disability." *EEOC v. LHC Grp.*, 773 F.3d 688, 694 (5th Cir. 2014). A plaintiff must first meet her prima facie burden before the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* at 694. Once a defendant provides a legitimate reason for the action, the burden then shifts back to the plaintiff to show that defendant's reason was a pretext for discrimination. *Id.*

5

ExxonMobil argues that because Plaintiff was not qualified for her OH Advisor position, she is unable to establish the second element of her prima facie case. (Doc. No. 35 at 20). According to ExxonMobil, case law makes clear that regular attendance is an essential function for most jobs. *See Carmona v. Sw. Airlines Co.*, 604 F.3d 848, 859 (5th Cir. 2010); *Willi v. Am. Airlines, Inc.*, 288 F.App'x 126, 127 (5th Cir. 2008). Moreover, the relevant time for determining whether an individual is qualified is at the time of termination. *Kenneally v. Gulfside Supply, Inc.*, No. A-10-CA-289 AWA, 2012 WL 718599, at *3 (W.D. Tex. Mar. 5, 2012). According to ExxonMobil, given Plaintiff's chronic absences, she was unable to perform an essential function of her job—to be in regular attendance. Moreover, ExxonMobil argues that Plaintiff had fully exhausted all of her available leave, continued to be regularly absent from work, and none of her medical providers cleared her to return to work with or without limitations at the time she was terminated. Thus, ExxonMobil contends that Plaintiff was unqualified for her position at the time of her termination and that she cannot raise an issue of material fact as to this element of her prima facie case.

Second, ExxonMobil argues that Plaintiff is unable to establish a fact issue as to the third element of her prima facie case because she does not have evidence that ExxonMobil knew of her disability at the time she was terminated. ExxonMobil cites Plaintiff's deposition, where she admitted she had no evidence that any of the individuals who were involved with her termination had knowledge of her alleged disabilities at the time they made her decision. (Deposition of Staci Owens, Doc. No. 35-2 at 196:8-14, 198:9-199:6, 215:11-216:16). Moreover, ExxonMobil points to evidence that Plaintiff did not disclose that she had any disability, much less PTSD and depression, while employed, and none of her medical excuses for her repeated absences mentioned her having these issues. (Doc. No. 35-4 at 1-10).

6

Finally, ExxonMobil argues that Plaintiff has no evidence of pretext—but that even if she did, ExxonMobil terminated Plaintiff for a legitimate, non-discriminatory reason. (Doc. No. 35 at 22). According to ExxonMobil records, Plaintiff was discharged because she had exhausted all of her available FMLA and short-term disability leave and remained unable to return to work with or without accommodations. (Doc. No. 35-3 at ¶ 12,13). ExxonMobil also cites to Plaintiff's deposition, where she admits that she has no evidence that Dr. Mathew—the only individual she alleges showed discriminatory animus toward her—had knowledge of her alleged medical condition or alleged disabilities. (Doc. No. 35-2 at 196:8-14, 198:9-199:6, 215:11-216:16).

In her Response in opposition, Plaintiff did not submit any summary judgment evidence. Instead, she merely contends that she "has medical conditions that are recognized by the ADA, therefore the temporary accommodations/limitations requested should have been met. The medical conditions stem from tragedy of losing her college football player son, Camron who was 21 years old at the time of his death."[1] (Doc. No. 43 at 1-2). Plaintiff does not address ExxonMobil's arguments concerning her qualifications for the job, whether ExxonMobil knew of her disabilities at the time she was terminated, or that ExxonMobil's reason for terminating her was a pretext for discrimination, nor does she offer any summary judgment evidence to the contrary. (*Id.*).

The Court finds that Plaintiff has failed to bring forth evidence to raise a fact issue as to a prima facie case or to raise a genuine issue of material fact as to her disability discrimination claim. Plaintiff also fails to show any facts that would suggest that she was qualified for her position. She also does not dispute her inability to return to work or that she admitted in her deposition that she has no evidence that ExxonMobil or any of her supervisors had knowledge of her alleged

---

[1] Based on Plaintiff's deposition, her son passed away in 2015 before she was hired by ExxonMobil in 2018. (Deposition of Staci Owens, Doc. No. 35-2 at 177:1-4). Plaintiff admits in her testimony that none of the medical excuses submitted by her physicians to ExxonMobil detailing why she was missing work stated that she had PTSD or depression related to the death of her son. (*Id.* at 177:7-18).

7

disabilities at the time of termination. Outside of claiming she has medical conditions, Plaintiff's Response in opposition wholly fails to address any of ExxonMobil's arguments and she offers no summary judgment evidence to dispute any of these arguments.

Since Plaintiff has failed to respond or address ExxonMobil's arguments as to her disability discrimination claim outside of a blanket statement that she has disabilities recognized by the ADA, she has effectively waived and abandoned her disability discrimination claim. *See Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020) (holding that any claims not raised in response to a motion for summary judgment are waived). Since Plaintiff's arguments have been waived and Plaintiff has provided no summary judgment evidence to create an issue of material fact, the Court hereby grants summary judgment in favor of ExxonMobil as to Plaintiff's disability discrimination claim.

### B. Plaintiff's Failure to Accommodate Claim

ExxonMobil maintains that Plaintiff's failure to accommodate claim also fails as a matter of law. To prevail on a failure to accommodate claim, a plaintiff must prove that (1) she was a qualified individual with a disability; (2) that the disability and its consequential limitations were known to the defendant; and (3) the defendant failed to make reasonable accommodations for those known limitations. *See Weber v. BNSF Ry. Co.*, 989 F.3d 320, 323-24 (5th Cir. 2021).

According to ExxonMobil, and as discussed above, Plaintiff first fails to establish that she was a qualified individual at the time of her discharge. (Doc. No. 35 at 23). Second, ExxonMobil contends that Plaintiff never disclosed her alleged PTSD and depression as alleged disabilities, and none of the excuses provided by her medical providers accounting for her absences mentioned these alleged disabilities as the reasons for her absences. (Doc. No. 35-4 at 1-10). Finally, ExxonMobil maintains that it took steps to reasonably accommodate Plaintiff even though she had

8

exhausted all of her available leave and remained absent from work without providing information as to when she would return (with or without limitations). (Doc. No. 35 at 24; Doc. No. 35-4 at 68-69). To support this contention, ExxonMobil cites to evidence that despite Plaintiff's repeated absences, it "repeatedly provided accommodations to [Plaintiff], including multiple leaves of absence throughout her employment and, although not required, even incurring the additional expense of retaining a temporary contractor to perform [Plaintiff]'s work because of her repeated and unpredictable absences. (Doc. No. 35-3 at ¶ 8, 11).

In her Response in opposition, Plaintiff appears to address ExxonMobil's failure to accommodate claim by arguing that she has "medical conditions that are recognized by the ADA, therefore the temporary accommodations/limitations requested should have been met." (Doc. No. 43 at 2). Plaintiff also states that she was initially informed by ExxonMobil personnel that her disabilities would be accommodated, but then was later informed that ExxonMobil would not be accommodating her disabilities, but provides no further details as to this contention. (*Id.* at 1). As noted, Plaintiff does not attach or provide any summary judgment evidence to support these arguments.

The Court finds that Plaintiff has failed to raise a genuine dispute of material fact that ExxonMobil failed to accommodate her in violation of the ADA. In her Response in opposition, Plaintiff offers no summary judgment evidence to create a genuine dispute of material fact as to her failure to accommodate claim. Instead, Plaintiff appears to argue that because she has disabilities, ExxonMobil should have provided her with her requested accommodations. Plaintiff also seems to suggest that ExxonMobil further failed to accommodate her because she was initially told to return to work and then subsequently told she could not be accommodated. (Doc. No. 43 at 1). Plaintiff's arguments, however, are unavailing. The ADA provides a right to a reasonable

9

accommodation, not to the employee's preferred accommodation. *Austgen v. Allied Barton Sec. Servs., LLC*, 815 F.App'x 772, 775 (5th Cir. 2020); *Toronka v. Cont'l Airlines, Inc.*, 411 F.App'x 719, 724 (5th Cir. 2011) (finding that it would not be a reasonable accommodation to require the employer to eliminate essential job functions, modify job duties, reassign existing employees, or hire new employees). Plaintiff has not identified a reasonable accommodation ExxonMobil could have provided that would have allowed her to return to her job full time, particularly because her own medical providers stated she could not work. (Doc. No. 35-4 at 68-69). Based on the record, ExxonMobil also provided a number of reasonable accommodations to Plaintiff, such as creating specific work for her based on her schedule and hiring a contract worker to cover essential functions she was unable to perform. Moreover, even if Plaintiff's allegations are true, she has provided no summary judgment evidence of these allegations to create a genuine dispute of material fact.

Accordingly, in the absence of summary judgment evidence to create a genuine dispute of material fact, the Court grants ExxonMobil's motion for summary judgment as to Plaintiff's failure to accommodate claim.

### C. Plaintiff's FMLA Interference Claim

ExxonMobil also argues that Plaintiff's FMLA interference claim fails as a matter of law. The FMLA makes it unlawful for an employer to interfere with, restrain, or deny an employee's FMLA rights. 29 U.S.C. § 2615(a)(1). Under the FMLA, an eligible employee is entitled to 12 weeks of unpaid leave during any 12 month period for a serious health condition that makes the employee unable to perform the functions of his or her position. *See* 29 U.S.C. § 2612(a)(1)(D). To prevail on an FMLA interference claim, a plaintiff must establish that (1) she is an eligible employee under the FMLA; (2) defendant is an employer subject to FMLA requirements; (3)

plaintiff was entitled to FMLA leave; (4) plaintiff gave notice to defendant of her intention to take FMLA leave; and (5) defendant denied benefits to which she was entitled. *See Comeaux-Bisor v. YMCA of Greater Houston*, No. H-06-2836, 2007 WL 2171838, at *4 (S.D. Tex. Oct. 26, 2007).

The crux of Plaintiff's FMLA interference claim is that ExxonMobil allegedly failed to inform her of the dates on which her FMLA leave started and ended. (Doc. No. 43 at 1; Doc. No. 35-2 at 205:9-206:21). ExxonMobil, however, refutes this contention, and cites to an e-mail it sent to Plaintiff detailing her remaining time off and informing her that she would qualify for 12 weeks of FMLA leave after she had worked for a 12 month period, which was on March 26, 2019. (Doc. No. 35 at 25; Doc. No. 35-4 at 43-44). Moreover, ExxonMobil maintains that Plaintiff cannot show any prejudice because she received well over 12 weeks of leave and could have "easily counted her 12 weeks of FMLA leave from the March 26, 2019 start date or obtained that information at any time during her employment." (*Id.*).

In her Response in opposition, Plaintiff reiterates that she was not provided any FMLA paperwork to show her when her FMLA started. (Doc. No. 43 at 1). She contends that she was not provided notice that "FMLA had been initiated" and that she had no knowledge of her FMLA leave when she was terminated for exhausting her FMLA leave. (*Id.*). Plaintiff once again does not provide or attach any summary judgment evidence to support these contentions, nor does she refute any of ExxonMobil's evidence outside of these contentions.

The Court finds that Plaintiff has failed to raise a genuine dispute of material fact that ExxonMobil improperly interfered with Plaintiff's FMLA leave. Plaintiff's chief complaint pertaining to her FMLA leave is a lack of notice. Plaintiff, however, has not attached any summary judgment evidence to support this contention to create a genuine dispute of material fact. Based on the summary judgment evidence in the record, ExxonMobil informed her of her remaining time

11

off and that she would qualify for 12 weeks of FMLA leave beginning on March 14, 2019. Moreover, it is undisputed that Plaintiff received all 12 weeks of her FMLA leave and was informed of when her FMLA leave would begin, so she cannot show any prejudice. *See Johnson v. Lee Cnty.*, No. 22-CV-039, 2022 WL 3975179, at *2 (N.D. Miss. Aug. 31, 2022) (granting motion to dismiss because plaintiff could obtain FMLA leave start and end dates from other sources, and as a result, could not show prejudice by employer's failure to provide notice).

Thus, in the absence of summary judgment evidence to the contrary, the Court finds that Plaintiff has failed to show a genuine dispute of material fact ExxonMobil improperly interfered with her FMLA leave. Accordingly, ExxonMobil's motion for summary judgment as to Plaintiff's FMLA interference claim is granted.

## IV. Conclusion

For the foregoing reasons, this Court hereby **GRANTS** ExxonMobil's Motion for Summary Judgment (Doc. No. 35). This case is hereby **DISMISSED** with prejudice.

Signed at Houston, Texas, this 24th day of July, 2023.

Andrew S. Hanen
United States District Judge